UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CARLOS HUGO ROJAS** : | **DOCKET NO. 2:15-cv-1839** |
| B.O.P. #67990-079 | **SECTION P** |
| **VERSUS** : | **JUDGE MINALDI** |
| **WARDEN CLAY** : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner Carlos Hugo Rojas ("Rojas"). Rojas is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Prison Camp in Beaumont, Texas. However, he complains of events that occurred when he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the reasons below, **IT IS RECOMMENDED** that the application be **DENIED AND DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Rojas alleges that the medical staff at FCIO denied/delayed medical care for tonsillitis for over eighteen days. Doc. 1, att. 1, p. 2. He contends that he still suffers from symptoms of tonsillitis despite treatment with antibiotics. *Id.*

## II.
### LAW AND ANALYSIS

As a preliminary matter we determine whether the above claims fit within a petition for *habeas corpus* as Rojas advances or a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] In general, a civil rights suit is "the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166,168 (5th Cir. 1994). A habeas petition, on the other hand, is for the petitioner seeking release from custody. *See, e.g.*, *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Fifth Circuit has adopted a bright-line rule for determining how to categorize such *pro se* pleadings: If "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release," the proper vehicle is a civil rights suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Based upon the pleadings filed herein, it is clear that Rojas has asserted a civil rights claim. He is not challenging his conviction or otherwise asserting he should not be in custody. Rather, he challenges the condition of his confinement. Rojas has thus failed to state a claim for which relief can be granted in the confines of *habeas* review and this matter should be dismissed.

## III.
### CONCLUSION

For reasons stated,

---

[1] *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right. *Broadway v. Beck*, 694 F.2d 979, 981 (5th Cir. 1982) (actions of federal officials taken under color of federal law cannot form the basis of a suit under section 1983).

**IT IS RECOMMENDED** that this application for writ of *habeas corpus* that constitutes civil rights claims as described herein be **DENIED AND DISMISSED WITHOUT PREJUDICE** to Rojas' ability to pursue such claims by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996) (en banc),** *superseded by statute on other grounds,* **28 U.S.C. § 636(b)(1).**

THUS DONE this 14th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE